**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ISABEL ZABALA,**

    **Plaintiff,**

**v.**                                                                        **Case No. 8:10-cv-2222-T-30EAJ**

**GEOVERA SPECIALTY INSURANCE
COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand and Supporting Memorandum of Law (Dkt. 4) and Defendant's Response (Dkt. 5). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This is an insurance action against Defendant Geovera Specialty Insurance Company ("Defendant") related to damages to the property of Plaintiff Isabel Zabala ("Plaintiff") allegedly caused by a sinkhole. On September 12, 2009, Defendant received a "sinkhole demand package" from Plaintiff's counsel, demanding $216,229.60. On August 25, 2010, Plaintiff filed a breach of contract action against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, which was served on Defendant on September 20, 2010. In the complaint, Plaintiff requests full costs of repairs

of the damage to her property, contractual damages and compensatory damages under the contract, and the full value and full benefit of her real property.

On October 4, 2010, Defendant removed the state court case to this Court. The notice of removal relied, in part, upon an affidavit from Victoria Mueller ("Mueller"), a Senior Claims Representative for Defendant. According to Mueller's affidavit, the applicable insurance policy provides the following coverage limits:

| Coverage A | Dwelling | $100,000.00 |
| Coverage B | Appurt. Structures | $10,000.00 |
| Coverage D | Loss of Use | $20,000.00 |

(Dkt. 1, Ex. A). Defendant also relied upon Plaintiff's September 12, 2009 pre-suit demand in the amount of $216,229.60. The pre-suit demand reflects costs in the approximate amount of $71,000 for structural repairs to Plaintiff's property based on an estimate received from Biller Reinhart Structural Group, Inc. (Dkt. 1, Ex. B). With respect to cosmetic damage to the property, the pre-suit demand reflects a preliminary cosmetic damages estimate received from Triad Consulting Group, LLC in the amount of approximately $73,572.86. *Id.*

On October 8, 2010, Plaintiff moved to remand this case. Plaintiff argues that, although it is undisputed that the parties are diverse, Defendant failed to prove the amount in controversy exceeds the jurisdictional threshold. As set forth herein, the Court disagrees and concludes that Defendant has proven the jurisdictional amount.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity

of citizenship and (2) an amount-in-controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). However, a removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look to the complaint. *Id.* If the amount is unavailable from the complaint alone, as it is in this case, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed." *Id.* In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court pursuant to the first paragraph of § 1446(b), i.e., within the first thirty days after service, is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Applying the recent guidelines set forth in *Roe* and *Pretka*, the Court concludes that Defendant's notice of removal and documents attached in support of same, in light of the damages Plaintiff seeks in the complaint, demonstrate that the amount in controversy exceeds $75,000 by a preponderance of the evidence. The Mueller affidavit reflects that the policy limits exceed $75,000 and the repair estimates referenced in the pre-suit demand demonstrate costs for structural damages and cosmetic damages that substantially exceed $75,000. Indeed, the cosmetic damages estimate, alone, is estimated at approximately $73,572.86. *See Renfroe v. Allstate Prop. & Cas. Ins. Co.*, No. 10-00359-CG-B, 2010 WL 4117038 (S.D. Ala. Sept. 23, 2010) (analyzing removal within 30 days of service under *Pretka* and holding that pre-suit demand, which included estimate of damages, supported removal).

The Court can reasonably deduce from this evidence that the jurisdictional amount is satisfied in this case. Accordingly, Plaintiff's motion to remand must be denied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Dkt. 4) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 10, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2222.mtremandDkt.4.frm